**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 26-12012

Non-Argument Calendar

_____

SAMUEL LEE SMITH, JR.,

*Plaintiff-Appellant,*

*versus*

MIAMI-DADE COUNTY,
   a municipality,
WALMART, INC.,
   a Foreign for-Profit Corporation,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:26-cv-20464-DSL

_____

Before NEWSOM, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Samuel Smith, pro se, appeals from the district court's May 27, 2026 order directing him to respond to the defendants' motions to dismiss his amended complaint.

We lack jurisdiction over Smith's appeal because it is not taken from a final or otherwise appealable order. *See* 28 U.S.C. § 1291 (providing that appellate jurisdiction is generally limited to "final decisions of the district courts"); *id.* § 1292 (providing that appellate jurisdiction includes specific interlocutory orders made appealable by statute or jurisprudential exception). First, the May 27 order is not appealable under 28 U.S.C. § 1291 because it did not end the litigation on the merits, as Smith's complaint remains pending in the district court. *See CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) (explaining that final orders generally end litigation on the merits). Additionally, it is not appealable under the collateral order doctrine because it is not effectively unreviewable on appeal from a final judgment. *See Plaintiff A v. Schair*, 744 F.3d 1247, 1253 (11th Cir. 2014) (explaining that a ruling that does not conclude the litigation may be appealed under the collateral order doctrine if, among other things, it would effectively be unreviewable on appeal from a final judgment).

Accordingly, this appeal is DISMISSED, sua sponte, for lack of jurisdiction. All pending motions are DENIED as moot.